## Case No. 10,025.

### The NASSAU.

[Blatchf. Pr. Cas. 198.] [1]

District Court, S. D. New York. July, 1862.

PRACTICE IN ADMIRALTY—PRIZE—PERISHING CONDITION—SALE PENDING HEARING.

On a motion for the sale of a cargo pending the hearing, on the ground that it is in a perishing condition, the judgment of the prize commissioners, founded on their inspection. as evidenced by their report. will prevail. unless controlling evidence is produced counteracting their judgment. A sale ordered in this case.

In admiralty.

BETTS. District Judge. On Saturday last, motions were made in behalf of the libellants, upon two reports of the prize commis-

---

sioners, supported, in respect to the vessel, by the affidavit of the marshal, and in relation to the arms, by the deposition of Orison Blunt, stating that, in the opinion of the commissioners, and on their examination and personal inspection, the rifles laden on board the prize vessel Nassau are deteriorated by swettage and rust from water, and that the vessel is rapidly leaking, and is kept afloat with difficulty, and that both the vessel and her cargo of arms are in a perishing condition. The reports advise the court that, for the causes aforesaid, the said vessel and arms should be immediately sold, which recommendations of the commissioners the United States attorney moves the court to have carried into effect. Mr. Edwards, on the part of the claimants, opposes the motion for the sale of either the vessel or the arms, upon a report of one of the port wardens, that, in his opinion, the leakage of the vessel is not such as to render her state a perishing one, and because neither portion of the seized property having been yet condemned, the court ought not to deprive the claimants of their rights to the property in kind, in case it be acquitted on trial of the charges on which it was captured as prize.

It appears to the court that, in a case of speculative differences of opinion between witnesses, whether the condition of property seized as prize "be perishing or perishable, or deteriorating in value," the judgment reported to the court by the commissioners should prevail, unless controlling evidence is produced counteracting their judgment; this matter being very pointedly placed by congress under their supervision. There is no such proof furnished in this instance. The balance of evidence, in particularity and precision, is in concurrence with the report of the commissioners, and the strong terms of the act (Act March 25, 1862, § 1 [12 Stat. 374]); would indicate that the proceedings of the court should be greatly guided by the judgment of these officers, who are specially charged with the duty of ascertaining and making known to the court these particulars. The general argument against the expediency of subjecting property to peremptory sale before condemnation or trial must yield to the provisions of positive law. It does not lie with the court to prejudice the manner in which the prize commissioners shall conduct their possession or management of prize property before sale. The facts now laid before the court are, in my judgment, abundantly sufficient to authorize the sale of the vessel and the arms specified in these motions. An order for such sale will be entered accordingly.

[NOTE. A decree of forfeiture and condemnation was entered against the prize on December 11, 1862. Case No. 10,026. This was affirmed upon appeal to the circuit court. Case unreported, but see Case No. 10,028. At a subsequent date the district court refused a special fee sought to be taxed for the benefit of counsel for captors. Id. 10,027. Harlan and others, who had made repairs on the Nassau in 1860, filed their libel against her. The case was first heard upon motion of libelants for an order directing sale of vessel because of her perishing condition. Id. 6,066. The United States intervened, claiming prize, and setting up the proceedings in prize court. Upon this intervention the libel was dismissed. Id. 6,067. An appeal was taken in the last case to the circuit court, where the decree dismissing the libel was affirmed. Id. 10,028. This was again affirmed upon appeal to the supreme court. 4 Wall. (71 U. S.) 634.]